## In re MADEIROS.
### No. 3702.

District Court, S. D. California, N. D.
March 21, 1938.

Frank M. Ostrander, of Merced, Cal., and Louis L. Bernheim, of San Francisco, Cal., pro se.

R. R. Sischo, of Merced, Cal., for Conciliation Commissioner.

COSGRAVE, District Judge.

The debtor was adjudicated bankrupt under section 75(s) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203(s), on January 2, 1936. The usual order staying proceedings, setting aside exemptions, granting possession of property, and fixing rental has been made by the conciliation commissioner, and the farming operations of the bankrupt have been conducted under his supervision.

One J. B. Hoskins loaned the bankrupt $300 on April 12, 1937, with the approval of the conciliation commissioner. The borrowed funds were used in part to pay the installments of his semiannual rent. The debtor placed the proceeds of his crop to his account in the Bank of America on December 14, 1937, and gave to the conciliation commissioner his check on the bank of deposit for the amount of the semiannual rental due December 14, 1937. The bank refused payment because of an attachment issued from the justice court and served upon it on behalf of J. B. Hoskins at the instance of F. M. Ostrander and L. L. Bernheim, his attorneys.

Notice was immediately given to the attorneys by the conciliation commissioner notifying them that the attached property was the property of the debtor and that he was bankrupt under section 75(s); that an order staying all proceedings against the bankrupt had been made; and that the property was under the exclusive jurisdiction of the bankruptcy court, all of which the counsel well knew, for it was with the express approval and consent of the conciliation commissioner that Mr. Hoskins loaned the money in the first place. Notwithstanding the notice and demand of the conciliation commissioner, counsel have persisted in prosecution of their action in the justice court under which the writ of attachment was issued. On a petition setting forth the foregoing facts citation was issued to the attorneys named to show cause why they should not be held in contempt.

In general, the respondents urge that the property upon which their writ of attachment was levied was property acquired by the bankrupt after his adjudication under the Bankruptcy Act, § 75(s), and is there-fore not affected by the bankruptcy proceedings.

In this position respondents entirely misconceive the purpose and effect of the Bankruptcy Act, § 75 as amended, 11 U.S.C. A. § 203, as applied to the farmer debtor. Section 75(s), lately held valid by the Supreme Court in Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455, provides that the bankrupt shall be allowed to retain possession of his property for a period of three years. Subdivision 2. All judicial or official proceedings in any court are stayed. Subdivision 2. He retains possession and control of his property "in the custody and under the supervision and control of the court," provided he pays a reasonable rental, Idem., and until finally disposed of, subdivision 4. The rental is based upon the net income and earning capacity of the property which necessarily implies that he shall continue farming the property, with the income added to the property owned at the date of adjudication becoming a part thereof and necessarily subject to the control of the court to the same extent as is that owned at the time of adjudication. The court may order personal property not reasonably necessary for the farming operations to be sold, and may, in addition to the rental, require payments on the principal. Idem. subdivision 2. These provisions necessarily imply that, contrary to the position taken by the respondents, the bankruptcy proceedings continue under the supervision of the bankruptcy court with the bankrupt and his property expressly placed under control of the court, the result of all of which is undetermined until the expiration of the three years. An entirely different situation is presented where the adjudication is made in an ordinary bankruptcy proceeding. Then all property presently possessed by the bankrupt is yielded up for the benefit of his creditors and bankrupt may commence anew. Under the present act, the bankruptcy continues until the three years have expired unless sooner terminated. In the ordinary proceeding the position of the respondent would be sound.

Mr. Hoskins, when he had loaned the money did so with knowledge of the situation above outlined. It would defeat the entire spirit and purpose of the act if the proceeds of the bankrupt's farming operations were made liable to the payment of a demand in which all creditors did not participate. The effect of the procedure here at-

tempted would be to transfer the jurisdiction of the bankruptcy estate from the bankruptcy court to 'that of the justice's court of Merced county to permit the application of funds to the payment of Mr. Hoskins' note. This, however, is something for the bankruptcy court, which is the court that has exclusive jurisdiction of bankruptcy matters, to consider and pass upon.

The respondents are adjudged in contempt. Further proceedings will be had at the April session of the United States District Court in Fresno, and in the interval respondents may take such action towards purging themselves of the contempt as they are advised.

Exception is noted in favor of respondents to this ruling.